UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAVID MARTIN, | : | Civil Action No. 10-2823 (MLC) |
| Plaintiff, | : | |
| v. | : | ORDER |
| SCHWAN'S HOME SERVICE, INC., et al., | : | |
| Defendants. | : | |

This matter having been brought before the Court by Michael T. McDonnell, Esq., attorney for Defendant Schwan's Home Service, Inc. ("Defendant"), upon Motion for an Order allowing S. Douglas Mackay, Esq. to appear and participate *pro hac vice* [Docket Entry No. 6]; and Plaintiff David Martin having not objected to this Motion; and the Court having considered the moving papers; and this matter being considered pursuant to Fed.R.Civ.P. 78, and for good cause shown;

IT IS on this 21st day of July, 2010,

ORDERED that S. Douglas Mackay, Esq., a member in good standing of the bar of the states of Kansas, Missouri, Oklahoma and Arkansas be permitted to appear *pro hac vice* in the above-captioned matter pursuant to L.Civ.R. 101.1(c); and it is further

ORDERED that, all pleadings, briefs, and other papers filed with the Court shall be signed by a member or associate of the law firm of Kutak Rock, LLP, attorneys of record for Defendant, who is admitted to the Bar of this Court and shall be held responsible for said papers and for the conduct of the case and who will be held responsible for the conduct of the attorney admitted hereby; and it is further

ORDERED that S. Douglas Mackay, Esq. shall pay the annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with L.Civ.R. 101.1(c)(2) and New Jersey Court Rule 1:28-2 within twenty (20) days from the date of the entry of this Order; and it is further

ORDERED that S. Douglas Mackay, Esq. shall make payment of $150.00 to the Clerk of the United States District Court in accordance with L.Civ.R. 101.1(c)(3), as amended, within twenty (20) days from the date of the entry of this Order; and it is further

ORDERED that S. Douglas Mackay, Esq. shall be bound by the Rules of the United States District Court for the District of New Jersey, including, but not limited to the provisions of L.Civ.R. 103.1, *Judicial Ethics and Professional Responsibility*, and L.Civ.R. 104.1, *Discipline of Attorneys*; and it is further

ORDERED that S. Douglas Mackay, Esq. shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey State Court Contingency Fee Rule, Rule 1:21-7, as amended; and it is further

ORDERED that S. Douglas Mackay, Esq. shall within 30 days file with the Court a certified statement disclosing each bar in which the attorney is a member in good standing including the year of admission and the name and address of the official or office maintaining the roll of such members of its bar, or, in lieu thereof, a certificate of good standing issued by the person or office maintaining the roll of the members of this bar. (*See* 3/1/10 Amendments of Local Civil and Criminal Rules, L.Civ.R. 101.1(c)(1), *available at* http://www.njd.uscourts.gov/rules/AmendedLocalRulesApp2010.pdf). **Failure to timely file the requisite certified statement or certificate of good standing may result in the revocation of the attorney's pro hac vice admission**; and it is further

ORDERED that Michael T. McDonnell, Esq. may file a request, the form of which is available at the Court's website, with the Clerk of the Court for *pro hac vice* counsel to receive electronic notifications in this matter; and it is further

ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 6] accordingly.

 s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**
